COMMONWEALTH *vs.* HORACE D. HAYDOCK.

Suffolk.    March 5, 1934. — March 27, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & LUMMUS, JJ.

*Carrier*, Of passengers: motor vehicle.  *Motor Vehicle.  Taxicab.  License.*

By reason of the provisions of G. L. (Ter. Ed.) c. 159A, § 1, and of § 2 of St. 1930, c. 392, as amended by St. 1931, c. 408, § 7, a taxicab, licensed by the police commissioner of Boston under said c. 392, when operated in 1933 upon public ways in Boston for the carriage of passengers for hire "in such a manner as to afford a means of transportation similar to that afforded by a railway company, by indiscriminately receiving and discharging passengers along the route on which the vehicle" was "operated or" might "be running," was removed from the exclusive control of the police commissioner created by said c. 392; and a license from the city council was required for such operation.

Chapter 159A of G. L. (Ter. Ed.) is not limited in its operation to motor vehicles carrying passengers for hire in intrastate business between fixed and regular termini. Per WAIT, J.

COMPLAINT, received and sworn to in the Municipal Court of the City of Boston on September 6, 1933, and described in the opinion.

On appeal to the Superior Court, the complaint was tried before *Hobson,* J., a judge of a district court sitting in the Superior Court under statutory provisions. The defendant was found guilty and alleged exceptions.

*F. R. Walsh,* for the defendant.

*P. R. Rowen,* Assistant District Attorney, for the Commonwealth.

WAIT, J. The defendant was found guilty upon a complaint which charged that, on August 30, 1933, the defendant did "operate a motor vehicle upon certain public ways in the City of Boston for the carriage of passengers for hire, in such a manner as to afford a means of transportation similar to that afforded by a railway company, by indiscriminately receiving and discharging passengers along the route on which said motor vehicle was then and there running and the said defendant while so operating said motor vehicle as aforesaid not having then and there first obtained a license for such operation from the City Council of said City of Boston, or any other licensing authority provided by law, the operation of said automobile as aforesaid, not coming within the exceptions of Chapter 408 of the Acts of said Commonwealth passed A. D. 1931." The charge is, substantially, in the words of c. 159A, § 1, inserted in the General Laws by St. 1931, c. 408, § 1, which forbids such operation of a motor vehicle without first obtaining a license therefor from the city council. Section 15 of said c. 159A imposes a fine not exceeding $100, imprisonment for not more than two months in a house of correction, or both, as punishment for violation.

There was evidence that the defendant, holding a license, issued by the police commissioner of Boston pursuant to St. 1930, c. 392, as a driver of a hackney carriage, and driving a taxicab motor vehicle also licensed by the commissioner pursuant to said act, on the day alleged did acts which could properly be found to be the conduct alleged in the complaint; and that he did not hold any license from

the city council.   During the trial he filed a motion to quash the complaint, setting out twelve grounds, and at the close of the evidence he moved in writing that a verdict of not guilty be directed.   These were denied.

The motion to quash, filed after the jury had been empanelled, was filed too late, G. L. (Ter. Ed.) c. 278, § 17.

There is no merit in any of the defendant's contentions. The defendant argues that exclusive authority with regard to licensing hackney carriages and establishing rules for conduct with regard to them was vested in the police commissioner by St. 1930, c. 392; that having obtained licenses from the police commissioner, he is not affected by the later provisions of St. 1931, c. 408, and is not guilty of any offence.

He misapprehends the statute which he relies upon.   St. 1930, c. 392, which vested in the police commissioner authority with regard to hackney carriages, excluded from that authority a motor vehicle (otherwise meeting the definition of § 2) if it were "a motor vehicle, known as a jitney, operated in the manner and for the purposes set forth in section forty-five of chapter one hundred and fifty-nine of the General Laws," by excluding such a motor vehicle from "hackney carriages" as defined by St. 1930, c. 392, § 2. G. L. c. 159, § 45, by repeal and amendment (St. 1931, c. 408, §§ 2, 7) has become G. L. (Ter. Ed.) c. 159A, § 1; and, as a result, a motor vehicle like the defendant's operated "upon any public way in any city or town for the carriage of passengers for hire, in such a manner as to afford a means of transportation similar to that afforded by a railway company, by indiscriminately receiving and discharging passengers along the route on which the vehicle is operated or may be running" is removed from the exclusive control of the police commissioner of Boston created by St. 1930, c. 392, and requires the license from the city council called for by G. L. (Ter. Ed.) c. 159A, § 1, while being so operated.

St. 1931, c. 408, was not and G. L. (Ter. Ed.) c. 159A is not limited to motor vehicles carrying passengers for hire in intrastate business between fixed and regular termini.

*Exceptions overruled.*