# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS

---

ALICE BLAIR *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    May 12, 1941. — September 10, 1941.

Present: FIELD, C.J., DONAHUE, DOLAN, & RONAN, JJ.

*Jurisdiction,* Motor vehicle case.  *Superior Court,* Jurisdiction.  *District Court,* Jurisdiction.  *Motor Vehicle,* Motor bus, Operation.  *Street Railway,* Motor vehicle.

An action of tort for personal injuries, sustained by slipping on a substance on the step of a motor bus of a street railway company which the plaintiff was boarding while it was stopped to receive passengers, arose "out of the operation of a motor vehicle" within G. L. (Ter. Ed.) c. 218, § 19, as amended by St. 1934, c. 387, § 1, and was within the exclusive original jurisdiction of the proper District Court.

TORT.    Writ in the Superior Court dated September 9, 1938.

The action was reported by *Dillon,* J.

*W. R. Morris,* (*H. D. Steel & F. R. Coogan* with him,) for the plaintiff.

*R. L. Mapplebeck,* for the defendant.

RONAN, J.    This is an action of tort to recover for personal injuries sustained by the plaintiff as a result of slipping on a spot of saliva about the size of a half dollar upon the step of the defendant's motor bus, while she was boarding the bus, which had stopped at the South Station in

Boston for the reception of passengers. The action was commenced in the Superior Court. The judge granted a motion to dismiss on the ground that there was want of jurisdiction as the action should have been brought in a District Court. The parties agreed upon the facts, and the judge reported his ruling on the question of jurisdiction together with the agreed facts, with the stipulation that if he was wrong in his ruling and the plaintiff was entitled to recover upon the agreed facts then judgment was to be entered for her in a certain amount, otherwise judgment was to be entered for the defendant.

It is the duty of this court to consider and decide the question of jurisdiction and not pass to the merits unless it has first been determined that the trial court had jurisdiction over the parties and over the subject matter. *Eaton* v. *Eaton,* 233 Mass. 351. *Maley* v. *Fairhaven,* 280 Mass. 54. *Whiteside* v. *Merchants National Bank of Boston,* 284 Mass. 165. *Lord* v. *Cummings,* 303 Mass. 457.

The defendant contends that the action should have been brought in a District Court, and relies upon G. L. (Ter. Ed.) c. 218, § 19, as amended by St. 1934, c. 387, § 1, which, in so far as material, provides that "District courts shall have exclusive original jurisdiction of actions of tort arising out of the operation of a motor vehicle."

The defendant was engaged in the transportation of passengers by motor vehicles between established terminals along a regular route where passengers board and leave the vehicle in much the same manner as they would an electric street railway car. No contention is made that the defendant was not properly authorized to engage in this business or that the type, construction, equipment and operating condition of the particular vehicle in use at the time of the accident did not conform to the rules and regulations of the department of public utilities or that a permit to operate this vehicle was not duly granted by this department; all in accordance with G. L. (Ter. Ed.) c. 159A. By virtue of this chapter and without considering the nature of its business in the light of common law principles, the defendant was a common carrier of passengers for hire. *Eastern Mas-*

*sachusetts Street Railway* v. *Trustees of Eastern Massachusetts Street Railway*, 254 Mass. 28. *Short Line, Inc.* v. *Quinn*, 298 Mass. 360. *Commonwealth* v. *Haydock*, 286 Mass. 47.

The usual operation of the vehicle as it proceeded along its designated route included the ordinary stops for the reception and discharge of passengers. Such stops were incidental to this mode of travel. The vehicle at the time of the accident was actually engaged in the transportation of passengers and the temporary stop to permit passengers to board it was a necessary part of its operation in conveying persons from place to place within the territory that it traversed. It was said in *Cook* v. *Crowell*, 273 Mass. 356, 358, that "It is settled law in this Commonwealth that a driver continues to operate a car on the highway during the time it is stopped in the ordinary course of its operation for soliciting trade or in calling for and delivering merchandise." See also *Commonwealth* v. *Henry*, 229 Mass. 19; *Commonwealth* v. *Clarke*, 254 Mass. 566; *Jenkins* v. *North Shore Dye House, Inc.* 277 Mass. 440; *Di Cecca* v. *Bucci*, 278 Mass. 15; *Cochran* v. *M & M Transportation Co.* 112 Fed. (2d) 241.

The plaintiff contends that her cause of action is based upon the negligent maintenance of the bus and not upon its operation. It was undoubtedly the duty of the defendant to exercise the utmost care consistent with the nature of its business to furnish a vehicle that was safe for the use of its passengers. *Labrie* v. *Donham*, 243 Mass. 584. *Bannister* v. *Berkshire Street Railway*, 301 Mass. 598. That the immediate cause of the accident was the saliva upon the step does not preclude the applicability of the statute which confers upon District Courts "exclusive original jurisdiction of actions of tort arising out of the operation of a motor vehicle." G. L. (Ter. Ed.) c. 218, § 19, as amended by St. 1934, c. 387, § 1. These words are too plain, direct and apt to permit anyone to mistake the legislative intent. This statute was the means adopted to reduce the number of cases that were being brought in the Superior Court and thus permit the more expeditious dispatch of business by

that court. The statute does not deal with any question of liability of a defendant. The single aim of the enactment was to confer exclusive original jurisdiction upon District Courts of a certain class of tort actions. Our duty is to decide whether the instant case comes within that class. The statutory phrase "arising out of the operation of a motor vehicle" is somewhat analogous to the clause "arising out of . . . his employment," setting forth one of the requirements of a compensable injury under the workmen's compensation act. G. L. (Ter. Ed.) c. 152, § 26, amended by St. 1937, c. 370, § 1. The immediate and proximate cause of an injury to an employee might be the inhalation of poisonous fumes or particles of granite, or slipping upon the floor, but judicial inquiry does not stop with the mere ascertainment of the occurrence of an injury but goes further and determines "if it arises out of the nature, conditions, obligations or incidents of the employment; in other words, out of the employment looked at in any of its aspects." *Caswell's Case,* 305 Mass. 500, 502. *Bagley's Case,* 256 Mass. 593. *Johnson's Case,* 279 Mass. 481. *Wnukowski's Case,* 296 Mass. 63. So, in the present case, it becomes necessary to determine if there is a causal connection between the plaintiff's injury and the operation of the bus. We think there was. The step upon which she slipped was a part of the bus and the plaintiff would not have been injured if the defendant had not operated the vehicle with a step upon which a foreign substance was deposited. The danger arising from the condition of the step was a risk peculiar to persons using it in entering or leaving the vehicle, which was in actual service for the transportation of passengers. This risk of injury to passengers could exist only so long as the defendant permitted the bus, with the step in that condition, to continue in operation on one of its lines of traffic. In other words, the risk of injury which resulted in the plaintiff's accident originated from and arose out of the operation of a motor vehicle. *Cook* v. *Crowell,* 273 Mass. 356. *Mullen* v. *Hartford Accident & Indemnity Co.* 287 Mass. 262.

In accordance with the stipulation, the entry must be

*Judgment for the defendant.*