ESTHER L. PERRY *vs.* GEORGE P. CHIPOURAS & another.

Suffolk.     February 6, 1946. — May 3, 1946.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Insurance,* Motor vehicle liability insurance.

Personal injuries, sustained by a traveller on a sidewalk through tripping on a short length of rope which the owner of a motor truck, parked at the curb, had negligently dropped onto the sidewalk in unloading the truck and which was not attached or intrinsically related to the truck, were not within the coverage of a policy of compulsory motor vehicle liability insurance issued to the owner and conforming to G. L. (Ter. Ed.) c. 90, § 34A, as amended.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated August 5, 1944.

The case was heard by *Walsh,* J.

*D. J. Kelly,* (*N. F. Fermoyle* with him,) for the defendant Massachusetts Bonding and Insurance Company.

*L. B. Newman,* (*F. E. Gillen* with him,) for the plaintiff.

WILKINS, J. This bill in equity by the holder of an unsatisfied judgment in tort for personal injuries against the defendant Chipouras seeks to reach and apply the obligation of the defendant Massachusetts Bonding and Insurance Company under a policy of motor vehicle liability insurance issued to Chipouras. See G. L. (Ter. Ed.) c. 175, § 113, and c. 214, § 3 (10). The case was heard upon a statement of agreed facts, which meets the requirements of a case stated. G. L. (Ter. Ed.) c. 231, § 126. The bill was taken pro confesso against Chipouras. The insurance company appeals from a decree against it.

Chipouras was in the business of buying and selling second hand cardboard boxes. On August 19, 1942, his truck, registered in this Commonwealth, was parked close to and parallel with the curb in front of his place of business on Albany Street, Boston. The truck contained boxes, some of which held, or had on them, short lengths or loops of rope. Chipouras was removing the boxes through the rear opening of the truck and was placing them in stacks on the sidewalk, preliminary to bundling and carrying the stacks into his cellar. In so doing he negligently suffered some short lengths and loops of rope to drop off or out of the boxes onto the sidewalk. While Chipouras was thus engaged, the plaintiff, a pedestrian on the sidewalk, tripped on rope which had so dropped, and was hurt. None of the rope was physically attached to the truck. The motor vehicle liability policy was "in conformity with" G. L. (Ter. Ed.) c. 90, § 34A, as amended, and c. 175, § 113A, as amended. Such a policy is defined in § 34A, as amended, as "a policy of liability insurance which provides indemnity for or protection to the insured . . . against loss by reason of the liability to pay damages to others for bodily injuries . . . sustained . . . by any person . . . [with exceptions not here material] arising out of the ownership, operation, maintenance, control or use upon the ways of the commonwealth of such motor vehicle."

The question for determination is whether the plaintiff's injuries fell within the terms of the policy. We are of opinion that the presence of the rope upon the sidewalk, even though

it had been negligently dropped during unloading, was too remote from the operation and use of the truck. At some point in the train of events articles which have been the subject of motor vehicle transportation must be determined to have become dissociated from "the ownership, operation, maintenance, control or use" of the motor vehicle. This necessarily leads to the drawing of fine lines. We think that the point to draw that line in the case at bar is when the pieces of rope came to rest upon the sidewalk. See *Caron* v. *American Motorists Ins. Co.* 277 Mass. 156. The rope was nothing peculiar to, or intrinsically related to, the truck itself, as in *Mullen* v. *Hartford Accident & Indemnity Co.* 287 Mass. 262, 264. This is not a case where the offending article or substance was actually on the motor vehicle, as in *Blair* v. *Boston Elevated Railway*, 310 Mass. 1. Nor was the article in motion into or out of the motor vehicle. See *Kennedy* v. *Consolidated Motor Lines, Inc.* 312 Mass. 84; *Diggins* v. *Theroux*, 314 Mass. 735. Compare *Rozzi* v. *Caggiano*, 310 Mass. 752. There are cases in other jurisdictions, of which some tend to indicate that the same result would be reached, and others tend to favor a contrary conclusion, but we do not deem it profitable to recount them.

The final decree entered in the court below is reversed and a new decree is to be entered dismissing the bill with costs.

*So ordered.*