GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORA-
TION, LIMITED, *vs.* HANLEY OIL CO. INC. & another.

Suffolk.    February 4, 1947. — February 26, 1947.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Insurance,* Motor vehicle liability insurance.    *Equity Pleading and Prac-
tice,* Decree.

A "judgment" entered in a proceeding for declaratory relief under G. L.
(Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1, was treated by
this court as a final decree in equity.

Damage, resulting from a fire originating from natural causes and with-
out the intervention of human agency in oil on the floor of the base-
ment of a dwelling house over three hours after the oil had been
spilled there when a tank was caused to overflow through conduct of
an employee of an oil dealer in his use of mechanism forming a part
of the equipment of a motor truck from which oil was pumped from
the truck on an adjacent highway through a hose into the tank, was
within the coverage of a policy insuring the dealer against liability
for property damage "caused by accident and arising out of the owner-
ship, maintenance or use of the motor vehicle."

BILL IN EQUITY, filed in the Superior Court on April 18,
1946.

The case was heard by *Brogna,* J.

*K. C. Parker,* for the plaintiff.

*E. McPartlin,* for the defendant Hanley Oil Co. Inc.

*R. M. Morrison,* for the defendant Simon.

WILKINS, J.    This is a proceeding under G. L. (Ter. Ed.)
c. 231A, inserted by St. 1945, c. 582, § 1, whereby the plain-
tiff (hereinafter called the insurance company) seeks an ad-
judication that it is not obligated under a motor vehicle
liability policy issued by it to the defendant Hanley Oil Co.
Inc. (hereinafter called the insured) to defend, or pay any
judgment in, an action brought against the insured by the
defendant Simon.

By "Coverage C" of the policy, issued January 1, 1943,
the insurance company, up to a limit of $5,000, agreed "To
pay on behalf of the insured all sums which the insured shall

become obligated to pay by reason of the liability imposed upon him by law for damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the motor vehicle." Whether a further provision that "use of the motor vehicle for the purposes stated includes the loading and unloading thereof" added to the coverage need not be determined. But see *Diggins* v. *Theroux*, 314 Mass. 735, 736–737.

On April 16, 1943, about 10 A.M., the insured's motor truck stopped on the public highway adjacent to the house of the defendant Simon, in the cellar of which was a tank for the storage of oil with an outside fill pipe. An employee of the insured connected the fill pipe with a hose which was part of the equipment of the truck. By means of a mechanism with which the truck was equipped, oil was then pumped through the hose into the tank, but in greater quantity than the tank had capacity to hold, with the consequence that a substantial quantity of oil flowed upon the floor of the cellar. The truck was driven away. About 1:20 P.M. the oil on the cellar floor became ignited, and the house and its contents were damaged by fire, the proximate cause of which was the acts of the insured.

The foregoing facts, which appear from the pleadings, were the only evidence before the judge, who filed "findings, rulings and order for judgment," wherein it was said that after the oil had been pumped into the house no human agency intervened in any way to cause the fire, which "was the result of natural causes operating upon the conditions created" by the insured, and "therefore it arose out of the use of the truck in unloading the oil." Thereafter "judgment" was entered declaring that the insurance company is obligated to pay any sum within the limits of the policy for which the insured should become liable to the defendant Simon by reason of the accident. Looking at their substance, we treat the "order for judgment" as an order for decree, and the "judgment" as a final decree. *Check* v. *Kaplan*, 280 Mass. 170, 176. *Essex Trust Co.* v. *Averill*, *ante*, 68, 70, and cases cited. The insurance company

brings the case here both on exceptions and on appeal. As the case may be disposed of on the appeal, we shall not consider the exceptions.

The insurance company mainly relies upon *Perry* v. *Chipouras*, 319 Mass. 473. In that case we held that the presence at rest upon the sidewalk of pieces of rope, dropped during the unloading of boxes which were to be bundled and carried into a building, was too remote from the operation and use of the motor vehicle. In the case at bar the oil was misdelivered by use of the pump, which was part of the equipment of the truck. The depositing of some of the oil upon the cellar floor, and not in the tank as intended, occurred during unloading. The fire followed as a proximate result without the intervention of other human act. In these circumstances the fine line, which we said in *Perry* v. *Chipouras* must be drawn in this type of case, cannot, we think, be drawn at the point of time when the oil reached the cellar floor. Its presence in quantity on the floor was in itself a continuing agency for harm which alone could, and in fact did, operate to achieve damage to the house. This impresses us as being more nearly analogous to those cases where injury was done by an object which was in motion out of a motor vehicle. See *Kennedy* v. *Consolidated Motor Lines, Inc.* 312 Mass. 84; *Diggins* v. *Theroux*, 314 Mass. 735; *Perry* v. *Chipouras*, 319 Mass. 473, 475. The judge rightly held that the fire damage fell within the terms of the policy.

*Exceptions dismissed.*
*Decree affirmed.*