Paul E. Peloquin *vs.* Robert Northridge Furniture Company.

Worcester.    September 30, 1958. — November 14, 1958.

Present: Wilkins, C.J., Williams, Counihan, Whittemore, & Cutter, JJ.

*Superior Court,* District Court judge sitting in Superior Court. *Judge. Motor Vehicle,* "Motor vehicle tort action," Loading or unloading.

Motor vehicle tort actions which under G. L. c. 212, § 14B, as appearing in St. 1954, c. 668, § 1, may be tried in the Superior Court before judges of District Courts are the actions described in c. 218, § 19, as revised by St. 1954, c. 616, § 1, and in c. 231, § 102B, inserted by St. 1954, c. 616, § 3, as actions of tort arising out of the ownership, operation, maintenance, control or use of a motor vehicle. [109]

Lowering of a divan by means of a sling over a piazza railing of premises to the sidewalk in the course of removal of the divan from the premises for the purpose of transporting it by a waiting motor truck to another place was preparatory to and was no part of the actual loading of the divan onto the truck, and an action of tort against the mover for personal injuries sustained by the plaintiff while helping to lift the divan over the railing when the railing broke and the divan and the plaintiff fell to the ground was not a "motor vehicle tort action" within G. L. c. 212, § 14B, as appearing in St. 1954, c. 668, § 1, and could not be tried in the Superior Court before a judge of a District Court. [109]

Want of authority of a judge of a District Court to preside at the trial in the Superior Court of an action of tort which was not a "motor vehicle tort action" within G. L. c. 212, § 14B, as appearing in St. 1954, c. 668, § 1, was merely personal to the judge and did not affect the jurisdiction of the Superior Court of the action nor require its dismissal. [110]

Tort. Writ in the Central District Court of Worcester dated June 4, 1956.

Upon removal to the Superior Court, the action was tried before *McCooey,* J., a District Court judge.

.The case was submitted on briefs.

*Robert Fulton & David H. Fulton*, for the defendant.

*Nicholas Fusaro & Nunziato Fusaro*, for the plaintiff.

WILLIAMS, J.   This is an action of tort for negligence commenced in the Central District Court of Worcester by writ dated June 4, 1956, and removed by the plaintiff to the Superior Court in accordance with the provisions of G. L. c. 231, § 102B, inserted by St. 1954, c. 616, § 3.   The case was tried before a justice of a District Court sitting with jury under G. L. c. 212, § 14B, as appearing in St. 1954, c. 668, § 1, and a verdict returned for the plaintiff. The first of several exceptions taken by the defendant raises the question of the judge's authority to sit upon the case.

It appears that the plaintiff, who for some time had occupied an apartment on the third floor of 8½ Chrome Street, Worcester, was moving to another residence and had arranged with the defendant for the purchase of some new furniture, the defendant engaging to take the plaintiff's old furniture in part payment.   There was evidence that on July 29, 1954, the defendant sent two of its employees with a motor truck to the Chrome Street address in order to remove this old furniture.   The men proceeded to lower it by means of a sling constructed of webbing over the railing of a front piazza to the sidewalk.   The last article handled was a divan weighing approximately two hundred pounds. While the plaintiff, who was assisting the men at their request, was helping to lift the divan on and over the railing of the piazza, this railing broke and both the divan and the plaintiff fell to the ground.   He was seriously injured.   The breaking of the railing and the fall of the plaintiff could have been found to have been caused by a sudden push on the divan by one of the employees.   The location of the truck at the time of the accident did not appear, but there was testimony that the furniture which previously had been lowered was in back of the truck and had not been loaded onto it.

Before the trial began the attorney for the defendant directed the judge's attention to his contention that the

action was not a motor vehicle tort and excepted to proceeding to trial before the judge. It is provided by G. L. c. 212, § 14B, as appearing in St. 1954, c. 668, § 1, that, on request of the Chief Justice of the Superior Court, that court, in the trial of a motor vehicle tort action, shall be held by a justice of a District Court. The amending statute was approved on June 10, 1954, the day following the approval of St. 1954, c. 616, which, by § 1, revised § 19 of G. L. c. 218, by providing that "District courts shall have exclusive original jurisdiction of actions of tort arising out of the ownership, operation, maintenance, control or use of a motor vehicle." Section 3 of said c. 616, inserting § 102B in G. L. c. 231, provided for the removal by the plaintiff of such actions to the Superior Court. It seems plain that the motor vehicle tort actions to which reference is made in G. L. c. 212, § 14B, were intended to be those described in c. 218, § 19, and c. 231, § 102B, namely actions which arose from the ownership, operation, maintenance, control or use of a motor vehicle. See *Couto* v. *Trustees of New York, N. H. & H. R.R.* 312 Mass. 23. The question for decision is whether the action brought by the plaintiff was such an action.

If it could be found, which we do not intimate, that the waiting truck was in operation at the time of the accident (see *Cook* v. *Crowell*, 273 Mass. 356, 358; *Blair* v. *Boston Elev. Ry.* 310 Mass. 1, 3; *Crofoot* v. *Rozewski*, 310 Mass. 824, and cases cited) such operation would not be the proximate cause of the accident. The removal of the divan was preparatory to and had no part in the actual loading of the truck. Liability for injuries caused by the loading or unloading of a motor vehicle is limited, in this Commonwealth, to recovery for those received as immediately incidental to such proceedings. *Blair* v. *Boston Elev. Ry.*, *supra*. *Kennedy* v. *Consolidated Motor Lines, Inc.* 312 Mass. 84. *Diggins* v. *Theroux*, 314 Mass. 735. *Perry* v. *Chipouras*, 319 Mass. 473, 475. *General Acc. Fire & Life Assur. Corp. Ltd.* v. *Hanley Oil Co. Inc.* 321 Mass. 72. It is true that other courts, particularly in cases involving the

construction of insurance policies, have held acts prepara-
tory to the process of loading or unloading to be in a broad
sense a part of those processes. See *Connecticut Indem. Co.
v. Lee,* 168 F. 2d 420. In *Lumbermens Mut. Cas. Co.* v.
*Employers' Liab. Assur. Corp. Ltd.* 252 F. 2d 463 (1st Cir.),
a controversy between two insurance companies to deter-
mine which, if either, was liable on its policy to indemnify
the defendant furniture company if legally responsible for
the present injuries to the plaintiff, it was held by a majority
of the court that his injuries arose out of the process of
loading. The court adopted what it termed the "complete
operation" test as distinguished from the narrower "coming
to rest" test as employed in the *Hanley* case. The issue
concerned the construction of insurance policies and the de-
cision is not authority as to the meaning of "motor vehicle
torts" under our statutes.

In our opinion the trial judge had no jurisdiction of the
instant case. As this lack of jurisdiction was personal to
the judge, and the Superior Court did have jurisdiction of
the case, the action should not be dismissed. The excep-
tion of the defendant is sustained and the case remanded to
the Superior Court for further proceedings. See *Thayer* v.
*Shorey,* 287 Mass. 76, 80.

*So ordered.*