Hillsborough,
No. 4881.

AMERICAN MOTORISTS INSURANCE COMPANY

*v.*

NASHUA LUMBER COMPANY, INC. & a.

BOSTON INSURANCE COMPANY

*v.*

SAME.

Argued November 2, 1960.

Decided January 20, 1961.

*Devine, Millimet & McDonough* and *Norman H. Stahl* (*Mr. Stahl* orally), for the plaintiff American Motorists Insurance Company.

*McLaughlin & Berrigan* (*Mr. McLaughlin* orally), for the plaintiff Boston Insurance Company.

*Harkaway & Ryan* (*Mr. Harkaway* orally), for the defendant Nashua Lumber Company, Inc.

*Earley & Flynn* (*Mrs. Margaret Q. Flynn* orally), for the defendant Lillian LaFrance.

WHEELER, J.  Presented for the first time in this jurisdiction is the problem of the interpretation of the "loading and unloading" clause in the policy issued by the plaintiff Boston Insurance Company.

The authorities concede that this clause expands the meaning of the "use" of the motor vehicle and enlarges the coverage beyond that of the standard liability policy which provides for recovery for injuries "arising out of the ownership, maintenance or use of the automobile." *Pacific Automobile Ins. Co.* v. *Commercial Casualty Ins. Co.*, 108 Utah 500, 511. The authorities are, however, divided as to the extent of the coverage afforded by the words "loading and unloading" which has resulted in the establishment of two doctrines appropriately called "coming to rest" and "complete operations."

Under the first doctrine a more narrow view is adopted and the scope of coverage afforded by the addition of the words "loading and unloading" is least broadened. These authorities hold that when an article is removed from a motor vehicle and has actually come to rest, the process of unloading is complete and no coverage against liability for subsequent acts is provided by the policy. 160 A. L. R. 1259, 1264; *Stammer* v. *Kitzmiller*, 226 Wis. 348; 7 Appleman, Insurance, ss. 4322 and 4322 (supp.).

The jurisdictions which have adopted the "complete operations doctrine" give a broader construction to the clause "loading and unloading" than it has under the "coming to rest doctrine." See anno. 160 A. L. R. 1259, 1267. The rationale of these decisions is that by such a clause a continuous operation is contemplated which includes a proper commercial delivery of the product. "If the driver, in carrying forward this mission, was negligent in leaving it where it could, and did, cause injury, that negligent act was a part of the operation of unloading the truck and had a direct causal relation with the truck and unloading operation. Such an interpretation of the contract requires no strained construction and does no violence to the fair meaning of the terms used." *Raffel* v. *Travelers Indemnity Co.*, 141 Conn. 389, 396. See also, *Wagman* v. *Am.*

*Fid. & Cas. Co.,* 304 N. Y. 490; *Red Ball Motor Freight* v. *Employers Mutual Ins. Co.,* 189 F. 2d 374, 377 (5th Cir. 1951), *Schmidt* v. *Utilities Ins. Co.,* 353 Mo. 213, 218; *State v. District Court,* 110 Mont. 250, 256. The Massachusetts Court has adopted the "complete operations doctrine." See *Busch & Co. of Mass.* v. *Liberty Mut. Ins. Co.,* (Mass.) 158 N. E. 2d 351. We think the better view to be that which holds that the words "loading and unloading" in the policy are intended to extend rather than to limit the use covered so as to include a continuous operation which includes a proper commercial delivery of the product. It follows that a necessary and integral part of such use and operation was the unloading of the truck at the point of delivery which was required to be done in a reasonably safe manner. If it was seasonably notified, the Boston Insurance Company is therefore obligated to defend the action brought by Mrs. LaFrance against the Nashua Lumber Company and to satisfy any judgment, in whole or in part, which may be recovered therein. *American Auto. Ins. Co.* v. *Master Bldg. Supply & Lbr. Co.,* 179 F. Supp. 699 (D. C. Md. 1959). See also, *General Accident &c. Corp.* v. *Hanley Oil Co.,* 321 Mass. 72.

Counsel for Mrs. LaFrance further contend that in the event this court should find that the accident was not within the unloading coverage of the Boston Insurance Company policy the accident was covered under the general insuring agreement of the American Motorists policy under the terms of which the company was obligated to pay on behalf of the insured damages for bodily injuries " . . . arising out of the ownership, maintenance or use of premises, and all operations." A short answer to this contention it that the policy specifically excluded loading and unloading away from the insured premises and excluded the "products-completed operations hazard." This hazard was defined in the policy to mean goods sold or handled "if the accident occurs after possession of such goods or products has been relinquished," or occurs away from the premises of the insured after the operation has been completed. In view of these exclusions it was clearly not the intention to extend the meaning of the words "arising out of . . . all operations" to include coverage for damages which occurred off the insured premises and after the products had been delivered. It therefore follows that the American Motorists Insurance Company is not obligated to defend the action brought by Lillian LaFrance against the Nashua Lumber Company and is not obligated

to satisfy any judgment, in whole or in part, which may be recovered therein.

The final contention here is that the Nashua Lumber Company breached the terms and conditions of the Boston Insurance Company automobile liability insurance policy because of failure to give written notice "as soon as practicable." There was no finding by the Trial Court whether notice was given as soon as practicable. The case must be remanded for a finding on this issue. If seasonable notice was given to the Boston Insurance Company the third and fourth questions transferred should be answered in the affirmative. If it was not, they should likewise be answered in the affirmative, but with the qualification that the obligation of Boston Insurance Company to satisfy any judgment is subject to the statutory limits, as to amount, prescribed by the Financial Responsibility Act, RSA ch. 268, as amended.

The first two questions are answered in the negative.

*Remanded.*

All concurred.