STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, Appellant,

v.

Neal D. AULICK and Diane J. Aulick, Appellees.

Neal D. AULICK, Diane J. Aulick and Gary J. Sergent, Cross–Appellants,

v.

STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, Cross–Appellee.

Nos. 88–CA–2293–MR, 88–CA–2308–MR.

Court of Appeals of Kentucky.

Dec. 15, 1989.

Mark W. Howard, Ware, Bryson, West, Bartlett & Kummer, Edgewood, Larry C. West, Ware, Bryson, West, Bartlett & Kummer, Covington, for appellant/cross-appellee.

Gary J. Sergent, O'Hara, Ruberg and Taylor, Covington, for appellees/cross-appellants.

Before McDONALD, MILLER and REYNOLDS, JJ.

McDONALD, Judge.

This appeal by State Farm Fire and Casualty Insurance Company is from a judgment entered against the insurer after the trial court determined that an insurance policy issued to the appellees, Neal and Diane Aulick, covered damages resulting from the delivery of heating oil to the residence of the insureds. The sole issue in the direct appeal is whether the trial court erred in declaring the existence of such coverage.

The parties submitted the legal issue of coverage to the trial court on an agreed statement of facts. Those facts pertinent to the issue are as follows: On March 10, 1986, an oil company delivered heating oil to the appellees' home. During that process an unknown amount of oil escaped from the hose nozzle which was connected to the fill valve connected to the oil tank at the residence. Oil spilled on the ground and seeped into the basement of the house. An offensive odor permeated the residence, causing a loss of personal property. The amount of damages is not in dispute.

At the time of this event the appellees had a homeowners' policy issued by the appellant. The actual policy clause for loss of personal property provided thusly:

SECTION 1—LOSSES INSURED

Coverage B—Personal

We insure for accidental direct physical loss to property described in Coverage B caused by the following perils ...:
Seventeen specific perils follow including the one at issue here, #6 "Vehicles." This peril is not defined or explained in any way.

There is no dispute that the delivery truck which brought the oil to the appellees' home is anything other than a vehicle. It is the appellant's contention, however, that the property loss suffered by the Aulicks was not a "direct physical loss" caused by a vehicle. The trial court had no problem in determining the Aulicks' loss was "a direct and immediate result of the unloading of the oil from the delivery truck and the spillage or escape of that oil." It referred to a similar case from Massachusetts as "persuasive." *See General Accident Fire & Life Assur. Corporation v. Hanley Oil Company*, 321 Mass. 72, 72 N.E.2d 1 (1947).

In our review we are guided by the well-settled law of this jurisdiction in the construction of insurance contracts that they are to be liberally construed in favor of the insured. *See State Automobile Mutual Insurance Company v. Ellis*, Ky.App., 700

S.W.2d 801 (1985), and *Grimes v. Nationwide Mutual Insurance Co.*, Ky.App., 705 S.W.2d 926 (1986). Certainly, clauses such as the one at issue identifying coverage should be interpreted broadly: An insured is entitled to the benefit of the protection he has sought and for which he has paid a premium. Accordingly, if his interpretation of the policy is reasonable, it is entirely appropriate to find the insurer liable. *See Standard Accident Insurance Co. v. Perry County Board of Education*, 72 F.Supp. 142 (E.D.Ky.1947).

■ We understand that we are not to enlarge the coverage provided under the guise of construction. However, as the policy does not attempt to define or delineate the included risk or place any limitations or exceptions to the application of this specifically named peril, any loss for which a "vehicle" is the proximate cause, is, in our opinion, covered by the clear language of this policy. At oral argument the appellant explained that it did not construe the contract as requiring the vehicle to come into direct physical contact with the damaged property in order for this peril to apply. It would afford coverage, however, only when the damage was caused by a vehicle being "used" as a vehicle. We do not find this argument at all persuasive as, of course, vehicles are frequently used to load and unload and deliver all sorts of material. In this case a vehicle brought the offending material to the appellees' home and the vehicle's motor was used to pump the material in such a way as to cause damage to appellees' property. The truck was being used exactly as it was designed and constructed to be used. Thus, under well-established principles of policy interpretation and notions of causation, we find no error in the trial court's legal conclusion that the damage was covered by the policy.

The case of *United States Fidelity and Guaranty Co. v. Breslin*, 243 Ky. 734, 49 S.W.2d 1011 (1932), does seem to support the appellant's position. In that case a vehicle caused sand and gravel to spill on a sidewalk. A pedestrian slipped and fell and was injured. The court said, "The part played by the automobile merely contributed to create the condition, and was not a cause of the injury." *Id.*, 49 S.W.2d at 1013. We do not, however, find this case controlling and agree with the appellees that in questions of causation the distinction made in *Breslin* between proximate cause and that of creating a condition contributing to the cause is no longer viable. *See Deutsch v. Shein*, Ky., 597 S.W.2d 141 (1980).

■ In their cross-appeal the appellees fault the trial judge for failure to award attorney's fees. We find no error in this regard. The appellees contend the court should have awarded fees under the Consumer Protection Act, KRS 367.170. The statute declares unlawful any "[u]nfair, false, misleading or deceptive acts or practices in the conduct of any trade or commerce...." We are aware that this act can be utilized to assert a claim against one's insurer. *Stevens v. Motorist Mutual Insurance Company*, Ky., 759 S.W.2d 819 (1988). The trial court declined to make an award for attorneys fees, finding that State Farm's actions did not constitute a violation of the Consumer Protection Act.

We agree with the trial court's resolution of the issue as nowhere have the appellees made any allegations that State Farm did anything other than fail to settle their claim. That failure, in and of itself, is not unfair, false, or misleading as contemplated by the statute under the circumstances presented. There being no other statutory or contractual basis for fees, the trial court's ruling was correct. *See Blue Cross and Blue Shield of Kentucky v. Whitaker*, Ky.App., 687 S.W.2d 557 (1985).

The judgment of the Kenton Circuit Court is affirmed.

REYNOLDS, Judge, concurs.

MILLER, Judge, dissents with disposition of direct appeal and concurs with ruling on the cross-appeal.