Welch, J.
This case involves an issue of insurance coverage. In a nutshell the issue is whether the fire loss to Ms. Cutting’s home is to be covered by her automobile insurance carrier (the plaintiff Arbella Mutual Insurance Company) or whether it is to be covered by her homeowners insurance policy (the defendant Travelers Insurance Company). The parties submitted these motions on stipulated facts.
As summary of the stipulated facts follows. Glenna Cutting owned an automobile which was insured by plaintiff Arbella. The standard automobile insurance policy covered any “unexpected, unintended event that causes . . . property damage arising out of the ownership, maintenance or use of an auto.” In November of 1991, Glenna Cutting and her husband William Cutting resided in an apartment located at 9 Wareham Street in Middleboro, Massachusetts. This apartment was insured by defendant Travelers. As was apparently his custom for many years, on November 13, 1991, William Cutting placed an electrical space heater in the front passenger seat of Glenna Cutting’s automobile. The reason for this somewhat peculiar act was to use the space heater to warm the car up prior to using the car. The space heater was plugged into an electrical extension cord. The extension cord ran out of the automobile through a window in the Wareham Street apartment and, thereafter, into a timer and, after that, into an electrical socket in the apartment. The timer was set to start at 4 a.m. Apparently the timer functioned in that it activated the space heater early in the morning of November 14. Some sort of an electrical malfunction occurred within the wiring located in the apartment and a fire began to burn in the apartment. The fire was discovered at approximately 6:30 a.m. that morning. At the time of the fire, Glenna Cutting’s motor vehicle was unoccupied, parked in the yard beside the apartment, with the engine off. The motor vehicle did not sustain any interior damage as a result of the fire. The apartment was damaged.
The question is a simple one to state, i.e. was the apartment fire a loss that arose out of the “use” of the automobile. If so, it would be covered by plaintiff Arbella. One suspects that a lay person’s answer to this question would be a rather simple and unequivocal “no” based on the use of plain common sense. The law, however, does not always provide such an easy answer. Happily, after an analysis of various Massachusetts decisions, one eventually finds that Massachusetts law reaches the same common sense result, namely that the loss is not covered by the automobile insurance policy.
Under Massachusetts law, an accident “arises out of. . . the use of an automobile,” for insurance policy purposes, when there is a “causal connection between the use of the automobile . . . and the accident.” LaPointe v. Shelby Mutual Insurance Co., 361 Mass. 558, 563-64 (1972). Such a causal connection between use and accident has been given broad interpretation in various Massachusetts cases. For example, the Massachusetts Supreme Judicial Court ruled that there was a causal connection between the use of an automobile and an accident where a plaintiff fell upon oil that had leaked from the defendant’s insured vehicle. There was insurance coverage even though, at the time of the accident, the vehicle had been driven away. Mullen v. Hartford Accident and Indemnity Co., 287 Mass. 262 (1934).
The defendant primarily relies on another Supreme Judicial Court case, namely General Accident Fire & *589 Life Assurance Corp. v. Hanley Oil Co., 321 Mass. 72, 74 (1947). In that case, the Court held that there was insurance coverage under the vehicle insurance policy where the vehicle was an oil delivery truck with a pump and hose incorporated into the vehicle. In that case, oil was pumped negligently from the vehicle into a customer’s cellar. Several hours after the oil truck drove away, the oil caught fire and caused damage to the house. The Supreme Judicial Court considered the fire loss to be causally connected to the use of the oil delivery truck. The reasoning of the General Accident case has not been followed by other states. See Associated Independent Dealers v. Mutual Service Insurance Companies, 229 N.W. 2d 517, 518 (Minn. 1975).
In any event, the General Accident case may represent the high water mark in expansively interpreting the phrase “in connection with the use of an automobile.” As the Supreme Judicial Court has made clear, there are limits to the liability that can be obtained under the automobile insurance policy. For example, the Perry v. Chipouras, 319 Mass. 473, 474 (1946), an accident occurred when a party tripped over a box of rope that had been negligently dropped when unloading a truck. The Supreme Judicial Court determined that there was no insurance coverage under the truck’s policy and stated:
At some point in the train of events, articles which have been the subject of motor vehicle transportation must be determined to have become [disassociated] from the ownership, operation, maintenance, control or use of a motor vehicle . . . The rope was nothing peculiar to, or intrinsically related to, the truck itself. . . nor was the article in motion into or out of the motor vehicle. Id. at 475.
See also Caron v. American Motorist Insurance Company, 111 Mass. 156 (1931) (no coverage by vehicle insurance policy when pedestrian fell on piece of ice which had broken from cake of ice being removed from truck).
The principle that reconciles the Massachusetts cases is that the vehicle insurance policy provides coverage when an item which is “intrinsically related” to the vehicle itself is the cause of the injury. Thus, the oil pump and hose were intrinsically related to the oil delivery vehicle in the General Accident case. Whereas the boxes of rope and the cakes of ice were not intrinsically related to the vehicle itself in the Perry and Caron cases.[1]
The present case easily fits within those cases which deny coverage under the vehicle coverage policy. The defendant’s argument that the space heater was inserted into the vehicle in preparation for driving the vehicle (i.e. to warm the vehicle up to a comfortable temperature) and, thus, constitutes “use” of the vehicle goes too far. The space heater was not intrinsic to the automobile itself. Instead it was an object which was foreign to the vehicle and which was introduced by the home owner into the vehicle. It was not powered by the vehicle in any way. This is not a case, for example, where a radiator or battery (an item intrinsically related to and part of the automobile) was being charged or warmed and that process somehow caused an electrical fire elsewhere. That hypothetical situation would fall within the general rule of the Massachusetts cases such as General Accident. Unlike the motor oil in the Mullen case, the space heater was not peculiar or necessary to the operation of Ms. Cutting’s vehicle. Thus, this loss is not covered by the automobile insurance policy.
This result accords not only with a fair reading of the insurance policy and common sense interpretation of legal precedent but also with fairness. An insurer of a vehicle is placed on notice of faults that may arise from the operation of such a vehicle. For example, one who insurers an oil delivery truck may be placed on notice that the vehicle includes a pump and hose that may malfunction at some time causing an accident. Likewise one who insures an automobile is placed on notice that it contains motor oil which may leak and cause an accident. No automobile insurer, however, would be placed on notice that someone would be sticking a space heater into a vehicle which was to work on a timer. The courts may interpret insurance policies generously but the defendant’s argument simply goes too far.
Therefore, plaintiff Arbella Mutual Insurance Company’s motion for summary judgment is granted. The cross motion for summary judgment filed by defendant Travelers Insurance Company is denied. Judgment is to enter for the plaintiff.

This court recognizes that this attempt to reconcile various precedents may be criticized as overly simplistic. After all, the fire in General Accident was directly caused by the oil. Such oil was simply cargo .no different than a box of rope. Nevertheless, this interpretation appears closest to the intent of the Supreme Judicial Court.