Duane TAYLOR, Plaintiff-Appellant-Cross-Respondent,†

v.

ST. CROIX CHIPPEWA INDIANS OF WISCONSIN, St. Croix Casino, a/k/a St. Croix Casino of Turtle Lake, Continental Insurance Company, k/n/a CNA Insurance Company, St. Croix Tribal Construction Company, and Pete Dunkley, Defendants-Respondents-Cross-Appellants,

NEW HAMPSHIRE INSURANCE COMPANY, XYZ Insurance ·Company, and John Doe Insurance Company, Defendants-Respondents.

Court of Appeals

*No. 98–3334. Submitted on briefs July 19, 1999.—Decided July 30, 1999.*

(Also reported in 599 N.W.2d 924.)

†Petition to review denied.

On behalf of the plaintiff-appellant-cross-respondent, the cause was submitted on the briefs of *Jason W. Whitley*, of *Novitzke, Gust & Sempf* of Amery.

On behalf of the defendant-respondent, Continental Insurance Company, the cause was submitted on the brief of *William F. Davern* of *Cousineau, McGuire & Anderson, Chartered* of Minneapolis, Minnesota

On behalf of the defendants-respondents-cross-appellants, the cause was submitted on the briefs of *April Rockstead Barker* of *Liebmann, Conway, Olejniczak & Jerry, S.C.* of Green Bay.

Before Cane, C.J., Myse, P.J., and Hoover, J.

CANE, C.J.   Duane Taylor appeals from a decision and order granting various defendants' motions

690

for summary judgment.[1] St. Croix Chippewa Indians of Wisconsin, et. al (St. Croix), Continental Insurance Company (CNA) and Pete Dunkley cross-appeal from a decision and order denying them statutory costs under § 814.03(1), STATS. St. Croix and Dunkley further cross-appeal from the trial court's refusal to grant, or even address, their motion to impose sanctions for frivolous claim pursuant to § 814.025, STATS., and additionally urge this court to impose sanctions against Taylor for a frivolous appeal, pursuant to § 809.25, STATS.

Taylor argues the following: (1) that the St. Croix Chippewa Indians and State of Wisconsin Gaming Compact of 1991 provides a waiver of sovereign immunity allowing a claim against St. Croix for personal injuries where, as here, the personal injuries occurred on a tribal construction site during the building of a tribal youth center, funded by gaming revenues; (2) that CNA's alleged failure to provide waiver language required by the gaming compact and CNA's policy exclusions precluding coverage for Taylor require reformation of CNA's insurance policy; and (3) that the gaming compact's insurance provisions should be construed to label St. Croix a "self-insurer," thereby nullifying St. Croix's sovereign immunity.

We hold that because the gaming compact applies only to gaming activities, Taylor's personal injuries are not covered by any insurance coverage mandated under the compact. As Taylor's injuries are not covered by the compact, there is no need to address reformation

---

[1] Taylor also moved for summary judgment, urging the trial court to find that St. Croix did not have sovereign immunity from Taylor's claims up to the policy limits of its insurance policy and pursuant to the gaming compact between the St. Croix Chippewa Indians of Wisconsin and the State of Wisconsin. The trial court denied Taylor's summary judgment motion.

of CNA's insurance policy nor Taylor's contention that St. Croix has expressly waived its sovereign immunity as a "self-insurer" under the compact.

With regard to the various cross-appeals, we hold that the trial court erred by denying statutory costs pursuant to § 814.03, STATS. We further hold that the imposition of sanctions against Taylor for frivolous appeal under § 809.25, STATS., is not appropriate under these facts. It follows, therefore, that the trial court was correct in denying sanctions against Taylor for frivolous claim pursuant to § 814.025, STATS. Accordingly, we affirm in part, reverse in part and remand to the trial court with directions to award statutory costs to cross-appellants, pursuant to § 814.03.

## I. BACKGROUND

The facts are not disputed. Duane Taylor was injured while working on the construction of a tribal youth center, located on property owned by the St. Croix Chippewa Indians. Taylor fell off a scaffolding after it was hit by a front-end loader holding a "gerter-truss." At the time of Taylor's injury, he was an employee of St. Croix, as was Pete Dunkley, the individual operating the front-end loader. St. Croix's construction activities were insured under a comprehensive business policy issued by CNA, which included commercial general liability coverage, but specifically excluded bodily injury claims by employees of the insured. Similarly, the policy's definition of an insured excluded employees of the named insured for bodily injury to co-employees while in the course and scope of employment. In his summary judgment motion before the trial court, Taylor disputed neither the existence of St. Croix's sovereign immunity, nor the exclusion of his personal injury claim under CNA's commercial general

liability coverage; however, he argued that his injuries were compensable by the liability insurance mandated under the gaming compact. The trial court disagreed, and this appeal followed.

## II. ANALYSIS

While Taylor presents three issues, we need only decide one—specifically, whether Taylor's injuries may be compensated by the liability insurance mandated under the gaming compact. The meaning of a contract where there is no factual dispute presents a question of law. *Schlosser v. Allis-Chalmers Corp.*, 86 Wis. 2d 226, 244, 271 N.W.2d 879, 887 (1978); *see also Moran v. Shern*, 60 Wis. 2d 39, 46–47, 208 N.W.2d 348, 351 (1973). An appellate court must decide questions of law independently without deference to the decision of the trial court. *Ball v. District No. 4 Area Bd.*, 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984). In interpreting the language of a contract, "[t]he contract is to be considered as a whole in order to give each of its provisions the meaning intended by the parties." *Stradinger v. City of Whitewater*, 89 Wis. 2d 19, 31, 277 N.W.2d 827, 831 (1979).

The gaming compact between St. Croix and the State was entered into pursuant to authorization under: (1) the constitution of the St. Croix Chippewa Indians of Wisconsin; (2) the constitution of the State of Wisconsin; (3) § 14.035, STATS.; and (4) the Indian Gaming Regulatory Act, found at 25 U.S.C. §§ 2701–2721. The Act provides, in part, that a tribal/state compact may be negotiated to set forth the rules, regulations and conditions under which a tribe may conduct class III gaming, as defined in the Act, on Indian lands within a state permitting class III gam-

ing.[2] Under the gaming compact, St. Croix and the State agreed that "the conduct of Class III gaming *under the terms and conditions set forth below* will benefit the Tribe and protect the citizens of the Tribe and the citizens of the State of Wisconsin, consistent with the objectives of the Indian Gaming Regulatory Act." (Emphasis added.)

Clearly, the intent of the parties in entering into the gaming compact was to regulate St. Croix's class III gaming activities. Pursuant to the compact, St. Croix was required to "maintain public liability insurance with limits of not less than $250,000 for any one person." Further, under the gaming compact, St. Croix's policy was mandated to "include an endorsement providing that the insurer may not invoke tribal sovereign immunity up to the limits of the policy required under [the compact]." It follows logically that the gaming compact required St. Croix to maintain liability insurance only with respect to its gaming activities. To require St. Croix to maintain liability insurance with

---

[2] "Class III gaming" is defined as all forms of gaming that are not class I or class II gaming. 25 U.S.C. § 2703(8) (West 1999). "Class I gaming" is defined as "social games solely for prizes of minimal value or traditional forms of Indian gaming engaged in by individuals as a part of, or in connection with, tribal ceremonies or celebrations." 25 U.S.C. § 2703(6) (West 1999). "Class II gaming" is defined in part as:

    (i)   the game of chance commonly known as bingo (whether or not electronic, computer, or other technologic aids are used in connection therewith)—

    . . . .

    (ii)   card games that

    (I)   are explicitly authorized by the laws of the State, or

    (II)   are not explicitly prohibited by the laws of the State and are played at any location in the State . . . .

25 U.S.C. § 2703(7)(A) (1999).

respect to other non-gaming activities would obviously reach beyond the purpose and intent of the gaming compact. Wisconsin has no reason or authority to impose an obligation on the tribe to maintain liability insurance for anything beyond its gaming activities.

Taylor was injured during the construction of a tribal youth center. He argues that because the tribal youth center construction was funded by gaming revenues, his injuries may be attributed to the gaming compact and the "operation of gaming" activities. The fact that construction of the center was funded by gaming revenues does not transform the tribal youth center construction into class III gaming, as contemplated by the compact. Given the language of the entire compact, it is clear that the insurance coverage mandated therein will apply only to the "conduct of Class III gaming," and not, as Taylor asserts, to an injury sustained while constructing a tribal youth center. Because the St. Croix Chippewa Indians of Wisconsin and State of Wisconsin Gaming Compact of 1991 applies only to gaming activities, we hold that Taylor's personal injuries are not compensable under any insurance coverage mandated by the compact. Further, as Taylor's injuries are not covered by the compact, there is no need to address reformation of CNA's insurance policy or Taylor's contention that St. Croix has expressly waived its sovereign immunity as a "self-insurer" under the compact. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issues need be addressed).

Turning to the cross-appellants' claims, § 814.03(1), STATS., provides that "if the plaintiff is not entitled to costs . . . the defendant shall be allowed

695

costs." We have held that "this section is mandatory, not discretionary." *Strong v. Brushafer*, 185 Wis. 2d 812, 818, 519 N.W.2d 668, 671 (Ct. App. 1994). We have additionally held that a prevailing defendant is entitled to statutory costs against each unsuccessful plaintiff in a lawsuit. *Sampson v. Logue*, 184 Wis. 2d 20, 27, 515 N.W.2d 917, 920 (Ct. App. 1994). Further, although § 814.07, STATS., governs motion costs, it is "error to treat the granting of [summary] judgment as a mere motion," thereby allowing only motion costs to the prevailing party. *Saunders v. National Dairy Prods. Corp.*, 39 Wis. 2d 575, 583, 159 N.W.2d 603, 607 (1968). Rather, judgment costs, not motion costs, should be allowed to the prevailing defendant under § 814.03(1). *See Saunders*, 39 Wis. 2d at 583, 159 N.W.2d at 607 (interpreting § 271.03, STATS., later renumbered as § 814.03, STATS., by S. Ct. Order, dated Feb. 17, 1975, eff. Jan. 1, 1976). We therefore hold that the trial court erred by denying statutory costs to the prevailing summary judgment defendants under § 814.03.

St. Croix and Dunkley further urge this court to impose sanctions against Taylor for both frivolous claim and frivolous appeal under §§ 814.025 and 809.25, STATS. In order to impose sanctions against a party for frivolous claim under § 814.025, the court must find one of the following:

(a) The action, special proceeding, counterclaim, defense or cross complaint was commenced, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another.

(b) The party or the party's attorney knew, or should have known, that the action, special proceeding, counterclaim, defense or cross complaint was without any reasonable basis in law or equity and could not be supported by a good faith argu-

ment for an extension, modification or reversal of existing law.

Section 814.025(3), STATS. Similarly, in order to impose sanctions against a party for frivolous appeal under § 809.25, the court must find one or more of the following:

> 1. The appeal or cross-appeal was filed, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another.
>
> 2. The party or the party's attorney knew, or should have known, that the appeal or cross-appeal was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

Section 809.25(3)(c), STATS.

██

In this case, our inquiry necessarily turns on whether Taylor's appeal was "without any reasonable basis in law," or could be "supported by a good faith argument for an extension, modification or reversal of existing law." *Id.* Although neither Taylor nor the cross-appellants dispute the existence of St. Croix's sovereign immunity, the crux of Taylor's appeal was the inquiry into what constituted "gaming activities" as contemplated under the gaming compact. Although unconvincing, we cannot hold that Taylor's attempts to broaden the scope of the definition of gaming activities (based on gaming revenue funding) were made in bad faith or without any reasonable basis in law. As such, the imposition of sanctions against Taylor for frivolous appeal under § 809.25, STATS., is not appropriate under these facts. It follows, therefore, that the trial court was correct in denying sanctions against Taylor for

frivolous claim pursuant to § 814.025, STATS. Accordingly, we affirm in part, reverse in part and remand to the trial court with directions to award statutory costs to cross-appellants consistent with this opinion and pursuant to § 814.03, STATS.

*By the Court.*—Judgment and order affirmed in part; reversed in part and cause remanded with directions. No costs to either party.