154 So.2d 226 (1963)
Herman B. TUCKER, Individually and as Natural Tutor, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.
No. 9949.
Court of Appeal of Louisiana, Second Circuit.
May 21, 1963.
*227 Frederick F. Preaus, Bastrop, Rabun & Dawkins, Farmerville, for appellant.
Theus, Grisham, Davis, Leigh & Brown, Monroe, for appellee.
Before HARDY, GLADNEY and AYRES, JJ.
HARDY, Judge.
This is an action by plaintiff, individually and as Natural Tutor of the minor children and heirs of Lula Mae Tucker, deceased, claiming damages under a policy of automobile liability insurance issued by defendant in favor of said decedent. From judgment sustaining defendant's exception of no cause of action, plaintiff has appealed.
The facts alleged in plaintiff's original and supplemental petitions material to a determination of the issue presented are that during the afternoon of August 20, 1961, the decedent, Lula Mae Tucker, returned to her home in her automobile, and parked the same on an inclined driveway. Approximately an hour later decedent observed that the automobile, occupied by one of her minor childrensome seven years, seven months of age at the timehad begun to roll down the incline. In the attempt to stop the automobile, decedent was struck and fatally injured. Plaintiff further alleged that the proximate cause of the movement of the automobile was due to the action of the minor child in disengaging the gears or releasing the emergency brake. In a supplemental petition plaintiff alleged, in the alternative, that the accident was caused by the negligence of the decedent in leaving the automobile parked on an inclined driveway without engaging the gear shift or the parking brake to prevent any motion of the vehicle.
Defendant's exceptions of no cause of action, filed responsively to each of plaintiff's petitions, are predicated upon (1) lack of coverage of the policy; (2) the incapacity of the minor child to be adjudged guilty of actionable negligence, and (3) the lack of a right or cause of action by decedent survivors under the alternative allegation that her death was caused by her own negligence.
The principal, and we think the determinative, issue presented on this appeal requires a resolution of the meaning of the coverage clause contained in the defendant's insurance policy "* * * arising out of the ownership, maintenance or use of the owned automobile * * *."
The interpretation of the above quoted provision, in the instant case, must be limited to the meaning of the word "use", since there is no contention that the accident occurred as the result of ownership or maintenance of the vehicle.
Counsel for plaintiff argues that the word "use" should be accorded a liberal interpretation on the basis that it is designed, intended and should be construed to include all proper uses of the vehicle and *228 that a person can use an automobile without actually operating the same; citing Bolton v. North River Insurance Company (1st Circuit, 1958), La.App., 102 So.2d 544. We are of the opinion that the cited case is not authority for the interpretation urged by counsel. The use of the automobile in the Bolton case was limited to a determination as to whether a passenger seated in the automobile was actually using the insured vehicle under the liberal interpretation of the policy provisions.
While we accord with the conclusion of our brethren of the First Circuit, we think the contended interpretation, if applied in the instant case, would represent an unwarranted liberality of construction to the prejudice of the insurer.
We have been unable to find any direct authority which would assist in the interpretation of the word "use" under plaintiff's factual allegations. In its opinion in the Bolton case, the court quoted from Appleman's Insurance Law and Practice, Volume 7, Section 4316(e):
"The term `use' is the general catchall of the insuring clause, designed and construed to include all proper uses of the vehicle not falling within one of the previous terms of definition * * *."
The following section, 4317, of the same work is more appropriate to the question before us and reads as follows:
"It has been stated that the liability of an insurer under the `ownership, maintenance, or use' provision should be measured in accord with the terms of a policy as understood by a person of reasonable intelligence. Although ownership, maintenance or use of the automobile might not be the direct and efficient cause of the injuries sustained, liability does not extend to results distinctly remote, though within the limit of causation. The words `arising out of' when used in such a provision are of broader significance than the words `caused by', and are ordinarily understood to mean originating from, incident to, or having connection with the use of the vehicle."
We find the following appropriate statement in 7 Am.Jur.2d, Section 82:
"In determining whether the negligent act that caused a bodily injury arose out of the `use' of a motor vehicle within the coverage of a motor vehicle liability policy, the court must consider whether it was a natural and reasonable incident or the consequence of the use of the vehicle for the purposes shown by the declarations, though not foreseen or expected. Thus, it has been held that one who entered an automobile in order to move it a short distance so as to enable him to park his own automobile was `using' such car when, because of defective brakes the car rolled into a third car and caused injuries thereto. However, it has been held that an injury need not be the direct and proximate result, in a strict legal sense, of the use of an automobile to come within the coverage of a policy indemnifying against liability for damages caused by accident and arising out of the ownership, maintenance, or use of the automobile. This principle has been applied in cases where the injuries for which recovery was sought, did not result from the movement of the vehicle." (Emphasis supplied)
The above emphasized extracts clearly support the rationale of the opinion of the court in the Bolton case.
In Maryland Casualty Co. v. Marshbank (U.S.C.A., 3rd Circuit, 1955), 226 F.2d 637, the opinion of the court, in making the distinction between "use" and "operation", declared:
"For the `use' of an automobile by an individual involves its employment for some purpose or object of the user while its `operation' by him involves his direction and control of its mechanism *229 as its driver for the purpose of propelling it as a vehicle. It is perfectly clear that an automobile is being used by an individual who is traveling in it regardless of whether it is being operated by him or by another."
To the same effect is the definition in Liberty Mutual Insurance Co. v. Steenberg Construction Co. (U.S.C.A., 8th Circuit, 1955), 225 F.2d 294:
"The substance or effect of many decisions has been to recognize `use' or `while using', as extending in broad gauge to the serving of some purpose or end of the permittee by means of the vehicle, of such a nature or involving such a right of control as to impose a legal responsibility upon the permittee for its incidents, with those incidents having, as a matter of coverage consideration, a tie of practical relationship to the purpose or end which the named insured, either generally or specifically, has allowed the vehicle to serve." (citing numerous authorities)
The above definitions all accord with the common dictionary definition of "use" as "an act of employing anything, or state of being employed; application; employment; as, the use of a pen, his machines are in use." Webster's New International Dictionary, Second Edition.
Under the alleged facts of the instant case, we cannot conceive that it can reasonably be contended that the automobile was being used by the little child, and since the policy limits coverage to those damages arising out of the use of the owned automobile, it is our opinion that the exception was properly sustained.
We are confirmed in this conclusion by the conviction that neither the insurer nor the insured intended, by the policy in question, to contract with respect to liability resulting from the use of the vehicle by a seven or eight year old child. To construe the occurrence of the tragic incident involved as being related to any reasonably contemplated use of the vehicle would be to extend the coverage beyond the bounds of reason.
In view of our conclusions as above stated, we find it unnecessary to consider the other points urged in support of the exception.
For the reasons set forth, the judgment appealed from is affirmed at appellant's cost.