Forrest McDONALD, Plaintiff,

v.

GREAT AMERICAN INSURANCE COMPANY

and

The Aetna Casualty and Surety Company, Defendants.

Civ. A. No. 3035.

United States District Court
D. Rhode Island.

Nov. 15, 1963.

**370**

Gunning & LaFazia, Zietz, Sonkin & Radin, Providence, R. I., Bruce M. Selya, Albert B. West, James Radin, Providence, R. I., of counsel, for plaintiff.

Hinckley, Allen, Salisbury & Parsons, Providence, R. I., Guy J. Wells, Jacques V. Hopkins, Peter Alegi, Providence, R. I., of counsel, for Ætna Casualty & Surety Co.

Higgins & Slattery, Providence, R. I., Eugene V. Higgins, William C. Dorgan, Providence, R. I., of counsel, for Great American Ins. Co.

DAY, District Judge.

In this action the plaintiff seeks a declaratory judgment against each of the defendants under the provisions of Title 28 U.S.C.A. § 2201 et seq. Jurisdiction is based upon diversity of citizenship and the existence of a controversy in the requisite amount.

Plaintiff seeks a declaratory judgment that each of the defendants is obligated under a certain policy of insurance issued by it, as will hereinafter be set forth, to defend the plaintiff, McDonald, in two suits which have been instituted against him by Joseph A. Karouz and Henry T. Whitaker III in the Superior Court of Rhode Island to recover damages for alleged injuries sustained by them and to pay the amount of any recovery that may be secured against him in said suits. In addition he seeks the recovery of the amount of counsel fees incurred by him in the investigation of the claims asserted against him in said suits and in the defense thereof up to the present time.

The defendants contend that McDonald is not entitled to the relief he seeks on the ground, in addition to other grounds, that said suits are not within the coverage of the policy issued by each of them.

The evidence shows that the incident giving rise to this action occurred on May 30, 1962 on Angell Street, a public highway, in the City of Providence, in the State of Rhode Island. It appears that at said time and place McDonald was a passenger in a motor vehicle owned by Elizabeth K. Forbes, of Wellesly Hills, Massachusetts and operated by her son with her consent. It further appears that as said motor vehicle was proceeding along said highway, McDonald threw a lighted explosive, known as a "Cherry Bomb", out of the Forbes car and that it landed in the motor vehicle in which the plaintiffs in said state court suits were then and there riding, with resultant injuries to both of them, they claim. After the institution of said suits, McDonald requested each of the defendants to defend him therein and upon their refusal to do so the instant action was commenced against them for the relief herein sought.

On January 23, 1962, the defendant Great American Insurance Company, at Providence, Rhode Island, issued its homeowners policy, so-called, to McDonald and his wife as the named insured. Said policy by its terms was effective for the period from January 23, 1962 to January 23, 1965.

Under "Insuring Agreements" applicable to section II of said policy, the company agrees with the name assured as follows:

"COVERAGE E—COMPREHENSIVE PERSONAL LIABILITY.

"(a) Liability. To pay on behalf of the named Insured all sums

which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, and the company shall defend any suit against the Insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy even if any of the allegations of the suit are groundless, false or fraudulent; * * *."

Under "Special Exclusions", said policy provided that section II thereof does not apply:

"(b) under Coverages E and F to the ownership, maintenance, operation, use, loading or unloading of (1) automobiles * * * while away from the premises or the ways immediately adjoining. * * *

"(c) under Coverages E and F to bodily injury or property damage caused intentionally by or at the direction of the Insured;"

The policy of the defendant, The Ætna Casualty and Surety Company, which is involved herein, is an automobile liability insurance policy issued to the said Elizabeth K. Forbes for statutory coverage under the Massachusetts compulsory liability statute, but it also contains coverage for extraterritorial liability and property damage. By its terms said policy was effective from January 1, 1962 to January 1, 1963.

The insuring agreements of said policy provided in pertinent part as follows:

"COVERAGE B—BODILY INJURY LIABILITY — OTHER THAN STATUTORY—(This Coverage is optional)

"To pay on behalf of the insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury, sickness, or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the motor vehicle.

"COVERAGE C — PROPERTY DAMAGE LIABILITY. (This coverage is optional)

"To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of injury to or destruction of property, including loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the motor vehicle.

"II DEFENSE, SETTLEMENT, SUPPLEMENTARY PAYMENTS

"With respect to such insurance as is afforded by this policy under Coverages A, B and C the Company shall:

"(a) defend any suit against the Insured alleging such injury * * * and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent. * * *"

■ The rule is well settled that whether it is the duty of an insurer to defend a suit against the insured is to be determined by the allegations in the complaint or declaration filed in the suit against the insured. If such complaint or declaration does not allege a liability within the coverage of the policy, the insured is not required to defend. Stout v. Grain Dealers Mutual Insurance Company, 4 Cir., 1962, 307 F.2d 521; Employers' Liability Assur. Corp. v. Youghiogheny & Ohio Coal Co., 8 Cir., 1954, 214 F.2d 418; Hardware Mut. Cas. Co. v. Mason-Moore-Tracy, Inc., 2 Cir., 1952, 194 F.2d 173; Lee v. Ætna Casualty & Surety Co., 2 Cir., 1949, 178 F.2d 750; Boutwell v. Employers' Liability Assurance Corporation, 5 Cir., 1949, 175 F.2d 597; Thomas v. American Universal Insurance Company, 1952, 80 R.I. 129, 93 A.2d 309; Fessenden School, Inc. v. American Mut. Liability Insurance Co., 1935, 289 Mass. 124, 193 N.E. 558; 8 Appleman, Ins. § 4683.

Copies of the declarations filed by the plaintiffs in said suits against McDonald

are a part of the record in this case. The declarations, as filed, were identical and originally contained five counts. It appears that Counts 1, 2 and 4 have been dismissed. Accordingly, I am concerned only with the allegations contained in Counts 3 and 5 of said declarations.

In Count 3 of his declaration, each plaintiff alleges that "on, to-wit, the 30th day of May A.D.1962 the plaintiff was riding as a passenger in an open convertible which was being operated along and upon Angell Street, so-called, a public highway, in the City of Providence, State of Rhode Island; * * * that the defendant intentionally threw an explosive device * * * to which a lighted fuse was attached, said device being known as a 'Cherry Bomb', so-called; that said defendant threw the said 'Cherry Bomb', so-called at the motor vehicle in which the plaintiff was riding as a passenger"; that said "Cherry Bomb" exploded and that as a result thereof the plaintiff sustained personal injuries, etc.

In said Count 3, each plaintiff alleges that the throwing of said explosive device "was wilfully and wrongfully done and against the peace of the people of the State of Rhode Island" and seeks punitive as well as compensatory damages.

In Count 5 of his declaration, after alleging that he was a passenger in said open convertible, each plaintiff alleges that the defendant was then and there riding as a passenger in another automobile and that he "carelessly and negligently threw said 'Cherry Bomb' in the vicinity of the said plaintiff." He further alleges that as a result of the negligence of the defendant said "Cherry Bomb" exploded after landing in said convertible in which he was riding as a passenger, causing the injuries, etc., for which he seeks damages.

■■ In Count 3 of said declarations, there is no allegation of negligence by the defendant resulting in injuries to the plaintiff. On the contrary, it is alleged that the act charged to the defendant was done "intentionally", "wilfully

and wrongfully." Moreover, in said count each plaintiff seeks punitive damages. In Rhode Island such damages may be awarded only for torts involving malice, wantonness, or wilfulness. Worthington v. Shewcov., 1959, 89 R.I. 169, 152 A.2d 91. Considering all of the allegations of said Count 3, I am of the opinion that said Count 3 states a claim for injuries alleged to have been caused intentionally by McDonald, which are not within coverage of said policy issued by the defendant Great American Insurance Company, such injuries being specifically excluded from coverage under the provisions of paragraph (c) of said "Special Exclusions" hereinbefore set forth.

As to Count 5, the Great American Insurance Company contends that the claim alleged therein is not within Coverage E of its policy because under the provisions of paragraph (b) of said "Special Exclusions" said coverage does not apply to the " * * * use of automobiles * * * while away from the presmises or ways immediately adjoining * * *."

■■ Count 5 clearly alleges a claim against McDonald for damages as a result of his negligently throwing an explosive from an automobile in which he was a passenger. Its allegations assert a definite connection between his alleged negligent act and his use of an automobile. In most jurisdictions it is held that for an injury to arise out of the use of an automobile within the meaning of an insurance policy, it is not necessary that the injury be produced by the force of the insured vehicle itself. It is sufficient that the use of the automobile be "connected with the accident or the creation of a condition that caused the accident". Fidelity & Casualty Co. of N. Y. v. Lott, 1960, 5 Cir., 273 F.2d 500; Carter v. Bergeron, 1960, 102 N.H. 464, 160 A.2d 348; Employers Casualty Co. v. Hicks Rubber Co., (1942, Tex.Civ.App.), 160 S.W.2d 96; Annot.: 89 A.L.R.2d 150.

Since Count 5 alleges a claim for injuries sustained by the plaintiff that were incident to and connected with the use of an automobile by McDonald while away from the premises described in the policy

issued by Great American Insurance Company, I conclude that said count asserts a claim which is not within Coverage E of said policy, but is specifically excluded therefrom under the provisions of paragraph (b) of said "Special Exclusions" contained in said policy.

 Although the policy issued by said The Ætna Casualty and Surety Company contained both statutory coverage under the Massachusetts compulsory liability statute and coverage for extraterritorial liability and property damage which was purely voluntary, the construction as to each provision thereof is to be determined by the law of Massachusetts at the time said contract of insurance was made. Baranski v. Massachusetts Bonding & Insurance Co., 1938, 60 R.I. 140, 197 A. 390. Under Massachusetts law, for an injury to "arise out of the ownership, operation, maintenance, control or use of a motor vehicle" the cause of injury to a plaintiff must be something physically attached to or immediately connected in some manner with the motor vehicle or its operation. Connecticut Indemnity Co. v. Lee, 1947, D.C.Mass., 74 F.Supp. 353, aff'd 1948, 1 Cir., 168 F.2d 420; General Accident, Fire & Life Assurance Corporation v. Hanley Oil Company, 1947, 321 Mass. 72, 72 N.E. 2d 1; Diggins v. Theroux, 1943, 314 Mass. 735, 51 N.E.2d 426; Kennedy v. Consolidated Motor Lines, Inc., 1942, 312 Mass. 84, 43 N.E.2d 121; Caron v. American Motorists Ins. Co., 1932, 277 Mass. 156, 178 N.E. 286. In Connecticut Indemnity Co. v. Lee, supra, the District Court stated at 74 F.Supp. page 358:

"If the policy issued by the plaintiff did not contain the 'loading and unloading' clause, Bernhardt's claim would not be covered by the policy under the Massachusetts decisions, since the necessary causal connection between the operation or use of the motor vehicle and the injuries for which damages are sought by Bernhardt did not exist. An examination of the cases of Caron v. American Motorists' Insurance Company, 277 Mass. 156, 178 N.E. 286; Kennedy

v. Consolidated Motor Lines, Inc., 312 Mass. 84, 43 N.E.2d 121; Diggins v. Theroux, 314 Mass. 735, 51 N.E.2d 425; Perry v. Chipouras, 319 Mass. 473, 66 N.E.2d 361, and General Accident, Fire & Life Assurance Corporation v. Hanley Oil Company, 321 Mass. 72, 72 N.E.2d 1, leads to the conclusion that under Massachusetts law, the cause of injury to a plaintiff must be something physically attached to or immediatey connected in some manner with the motor vehicle or its operation in order for the court to find the necessary causal relationship to the operation or use of the motor vehicle so as to have the injury covered by the terms of a standard motor vehicle liability policy. While the court in those cases stated that each case must be decided on its own facts, the basis of each decision was the presence or absence of a *proximate causal connection* between the injury and the operation or use of the motor vehicle in question." (emphasis supplied).

While it is true that the insurance policies construed in the cited Massachusetts decisions were policies issued under the Massachusetts compulsory liability insurance law, I see no reason to believe that virtually the same language in a provision for extraterritorial coverage in such a policy should receive a different construction.

 In my opinion, Count 5 of said declaration fails to allege any *proximate causal connection* between the injuries alleged in said suits against McDonald and the operation or use of the motor vehicle covered by said policy. There being no allegation of such proximate causation therein, said count fails to allege a claim within Coverages B and C of the policy of automobile liability insurance issued by said The Ætna Casualty and Surety Company.

 Since each of said counts, in my opinion, fails to allege a claim for injuries within the coverage of either of said policies, I find and declare, (1) that

neither of the defendants is obligated to defend said suits by the said Joseph A. Karouz and Henry T. Whitaker III now pending in said Superior Court of the State of Rhode Island, (2) that neither of the defendants is obligated to pay any sum or sums which may be awarded to either or both of said Plaintiffs in said suits, and (3) that the plaintiff McDonald is not entitled to recover from either of said defendants any amount for counsel fees incurred by him in the investigation of the claims asserted against him in said suits or in the defense thereof.

Counsel for the defendants will prepare and present for entry a judgment in accordance with the findings and declarations hereinbefore set forth.