194 So.2d 485 (1967)
Jennie SPEZIALE
v.
Norbert W. KOHNKE et al.
Marie A. SPEZIALE
v.
Norbert W. KOHNKE et al.
Nos. 2419, 2420.
Court of Appeal of Louisiana, Fourth Circuit.
January 9, 1967.
Rehearing Denied February 13, 1967.
Writ Refused March 29, 1967.
Louis C. Guidry, Albert L. Dart and James F. Quaid, Jr., New Orleans, for Marie A. Speziale, plaintiff, appellant.
Bernard, Micholet & Cassisa, Paul V. Cassisa and Emile L. Turner, Jr., New Orleans, for Dr. Charles S. Healey, Charles S. Healey, Jr., and Lumbermens Mut. Casualty Co., defendants-appellants.
Cahn & Provensal, E. H. Fitzmaurice, Jr., and Sidney W. Provensal, Jr., New Orleans, for Charles J. Schneider and Mrs. Louise Manion, divorced wife of Claude W. Schneider, defendants-appellees.
Drury, Lozes, Dodge & Friend, James H. Drury, New Orleans, for George McGee Brown and Barlow Brown, defendants-appellees.
Wynne & Shoughrue, R. Douglas Wynne, New Orleans, for Norbert W. Kohnke and Norbert W. Kohnke, Jr., defendants-appellees.
Hammett, Leake & Hammett, Gordon F. Wilson, Jr., for Government Employees Ins. Co., third party defendant-appellee.
Drury & Lozes, Robert J. Young, Jr., for Employers Liability Assur. Corp. Ltd., third-party defendant-appellee.
*486 Bienvenu & Culver, H. F. Foster, III, for Manhattan Fire & Marine Ins. Co., defendant and third-party defendant-appellant.
Simon, Wicker & Weidemann, Thomas C. Wicker, Jr., for Central Mut. Ins. Co., defendant-appellee.
Before McBRIDE, SAMUEL, and CHASEZ, JJ.
CHASEZ, Judge.
Jennie and Marie Speziale filed separate, but identical actions for damages against four youths and their respective parental guardians, as administrators of the minor's estates and as solidarily liable defendants. The youths allegedly injured the plaintiffs by striking their person with fireworks. These suits were eventually consolidated in the Civil District Court. All of the defendants answered and several third party demands evolved in which several insurers were brought into the suit.
The case, which has not yet been tried on the merits, is now before this court on appeal from a summary judgment in favor of Central Mutual Insurance Company and Government Employees Insurance Company, who had issued two automobile policies which allegedly covered the tortious actions of two of the youths involved; and from a judgment sustaining an exception of no cause of action in favor of Norbert Kohnke, Sr., father of another of the youths, on the grounds that his son had been emancipated by judicial decree after reaching the age of 18 years, said emancipation relieving the father from liability for his son's tortious conduct.
Appealing from the judgment in favor of the auto insurers are the Lumbermens Mutual Casualty Company and Manhattan Fire and Marine Insurance Company, comprehensive personal liability insurers; Dr. Charles S. Healey, father of one of the minors involved, and his minor son; and Jennie and Marie Speziale, the original plaintiffs. The original plaintiffs also appealed from the judgment in favor of Norbert W. Kohnke, Sr.
Turning first to the issue of the correctness of the summary judgment whereby the automobile insurers were dismissed from the suit, we find that the lower court's action was predicated upon the effect of the clause "arising out of the ownership, maintenance or use of the owned automobile or any nonowned automobile, * * *" which forms the basis of coverage for bodily injury or property damage payable on behalf of the insured. The record shows that there is no dispute but that the boys were passengers in a moving automobile from which the fireworks were thrown. Thus we are faced with a simple question. Is injury resulting from the throwing of fireworks from a moving vehicle injury arising out of the use of the automobile? There are cases within this jurisdiction which have had to decide the effect of this type of clause upon particular factual situations, but none are precisely applicable to the instant set of facts.
Bolton v. North River Insurance Company, 102 So.2d 544 (La.App.1958) presents a situation where a passenger was considered to be an insured under the omnibus clause of a policy. The passenger was seated in the back seat of a stationary automobile and had closed the door of the vehicle on the hand of the plaintiff, who was standing outside of the vehicle.
Garvey v. Great Atlantic and Pacific Tea Co., 125 So.2d 634 (La.App. 4th Cir.1961), merely involved the application of an omnibus clause to cover a tort-feasor who was using the car in loading an automobile with groceries, where "loading and unloading" was specifically stated to be "use" in the policy itself.
The case of Vogt v. Hotard, 144 So.2d 714 (La.App. 4th Cir.1962) held that negligence in the pulling down of a tree by means of an automobile with attached ropes was a situation of negligence in the "use and operation" of an automobile within *487 the terms of an insurance policy when the tree struck and injured the plaintiff.
Tucker v. State Farm Mutual Auto Ins. Co., 154 So.2d 226 (La.App.1963), held that a seven year old child entering into a parked automobile, causing it to roll down an incline, and thereby causing death, was not "use" of an automobile as reasonably contemplated by the "arising out of the * * * use of the automobile" clause.
McDonald v. Great American Insurance Company, 224 F.Supp. 369 (U.S.D.C.-R.I., 1963) a case applying Massachusetts law to an automobile insurance policy involved the throwing of a "cherry bomb" firecracker under facts similar to those at issue here, except that the firecracker landed in another vehicle. The court said that "arising out of * * * use" required physical attachment to the car or immediate connection with the motor vehicle or its operation and that the basis of decision is the existence of a proximate causal connection.
McDonald also held that an exclusion of a non-Massachusetts homeowner's policy applied. The exclusion negated coverage for "* * * use of automobiles * * * while away from the premises or ways immediately adjoining". The court said that "[i]n most jurisdictions it is held that for an injury to arise out of the use of an automobile within the meaning of an insurance policy, it is not necessary that the injury be produced by the force of the insured vehicle itself. It is sufficient that the use of the automobile be `connected with the accident or the creation of a condition that caused the accident' [citing cases]." The court felt that such was the case before it.
The McDonald case, however, is not considered by this court to be determinative of the issue. The incident sued upon simply did not "arise out of the use of an automobile" if that phrase is to be given a reasonable construction. We do not feel compelled to adopt the "Massachusetts rule" of McDonald, nor do we mean to imply that proximate causation must be found. And the result which we reach in this case is not obtained through the application of any of the various "tests" sought to be gleaned from jurisprudence by counsel, such as the requirements that the automobile itself must produce the injury or that the accident must occur within the natural territorial limits of the car, and so forth. Rather the words "arise out of use" provides its own test and simply requires a reasonable interpretation as to any given set of facts.
These words are not co-extensive with "directly caused by the automobile itself", nor with "while using". The interpretation sought by the appellants would render the claim synonomous with the words "while using" and would write out of the contract the words "arising out of".
We are in accord with the treatment of the clause in our jurisprudence as exemplified by the Vogt and Tucker cases, supra. As with the Tucker case, it is obvious that this case does not involve an "arising out of the use of an automobile" as reasonably contemplated by that clause. That the circumstances here are not within the clause is accentuated by the fact that the act of throwing a firecracker was a voluntary, deliberate act on the part of the automobile passenger. This factor, along with the entire set of circumstances, removes the connexity of the incident with the use of an automobile to the realm of insignificance.
The language of the McDonald case which is offered in support of an opposite result we deem to be inaccurate. The Court was interpreting an exclusionary clause applicable to "* * * use of automobiles * * * while away from the premises or ways immediately adjoining." We simply disagree with the court's saying (if that is what it meant to say) that the throwing of a "cherry bomb" was sufficiently "`connected with the accident or with the creation of a condition that caused the accident'", so as to constitute arising out of use of an automobile. In the final analysis, *488 "arise out of" implies an element of causality though not necessarily the proximate cause, and this is our understanding of the common law attitude also. See annotation at 89 A.L.R.2d 150.
We turn now to the second issue before us, namely, what is the effect of judicial emancipation of a minor, over the age of eighteen, upon the liability of a father for the torts of his minor child? Article 2318 of the Civil Code reads:
"The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.
The same responsibility attaches to the tutors of minors."
Although the wording of the statute itself would seem to indicate that the same responsibility would not obtain if damage were to be occasioned by emancipated children, appellant argues that there was no provision for judicial emancipation in Louisiana at the time Article 2318 was enacted in its present form as Article 2297 of the Civil Code of 1825.
The procedure for judicial emancipation is now set forth in Articles 3991 through 3994 of the Code of Civil Procedure. A minor judicially emancipated is "relieved of the disabilities which attach to minority" (Civil Code Article 385), and has the power to act in any respect as if he were a major.
The question of the father's liability in these circumstances is res nova in Louisiana. It has been held that the parent was not liable for the torts of a minor emancipated by marriage. Moore v. Easom, 46 So.2d 162 (La.App.1950).
In Thornton v. Central Surety & Ins. Corp., 191 So. 179 (La.App.1939), referring to Civil Code Article 2318, the Court said that the text of 2318 is clear that there would be no liability with regard to emancipated minors. However, the holding was concerned with a problem under Art. 2315. Watkins v. Cupit, 130 So.2d 720 (La.App. 1961), cited to this Court, held that the father was liable for the tort of his son who was residing in another state where he worked, because in contemplation of law the son's residence was at his father's domicile unless there was some interruption of parental control by operation of law. Redd v. Bohannon, 166 So.2d 362 (La.App.1964), held that the liability of the parent does not apply when the parental authority has been destroyed by operation of law in that the son was a member of the military service at the time. This interruption of control occurred whether the parents voluntarily relinquished their authority in this manner or not. The case of Jackson v. Ratliff, 84 So. 2d 103 (La.App.1956), held that the father was not liable for the tort of his minor who had been placed in his grandmother's custody by the court at the father's instance.
In the light of C.C. Article 2318, the authorities cited, Article 385 of the Civil Code, and Articles 3991-3994 of the Code of Civil Procedure, we conclude that the judicial emancipation of Norbert Kohnke, Jr., relieves his father, Norbert Kohnke, Sr., from any liability for his son's alleged tort. The judicial emancipation cannot be granted unless the minor is over eighteen years of age, and unless the judge is satisfied that there is good reason for emancipation and that the minor is capable of managing his own affairs. C.C.P. Article 3993. These provisions we think offset the policy consideration urged to us, that we should not allow the emancipation laws to be used for the parent's advantage to escape liability for his child's actions.
Moreover, Louisiana had a judicial emancipation act on the books (Acts 1829, No. 17) at the time of the adoption of the Revised Civil Code of 1870, and no changes were incorporated into what is now Article 2318. We believe that the legislative intent is identical to the import of the words of *489 the Codal Article as applied to judicial emancipation.
The judicial emancipation of a minor terminates the authority and control over a minor by operation of law, and therefore there is no more basis upon which to attach personal liability to the parents for the torts of the child which is predicated upon the control and authority of the parent.
The judgment of the Civil District Court rendered in this matter on May 16, 1966 in the consolidated causes numbered 417-309, Jennie Speziale v. Norbert W. Kohnke et al., and No. 417,310, Marie A. Speziale v. Norbert W. Kohnke et al., is affirmed insofar as it dismisses the Government Employees Insurance Company and Central Mutual Insurance Company from these suits; and the judgment of the Civil District Court rendered on June 17, 1966 maintaining the exceptions of no right and no cause of action filed by Norbert W. Kohnke to the suits of Jennie Speziale and Marie A. Speziale is affirmed. All costs in these consolidated cases shall be borne by appellants.
Affirmed.