**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Bloomington, Illinois, a corporation, Plaintiff,**

v.

**George O'BRIEN et al., Defendants.**

**No. 6–73–Civ–114.**

United States District Court, D. Minnesota, Third Division.

Sept. 9, 1974.

Gerald S. Rufer, Rufer, Hefte, Pemberton, Schulze & Sorlie, Fergus Falls, Minn., for plaintiff.

Curtis L. Charlson, Thief River Falls, Minn., for defendants.

## MEMORANDUM & ORDER

DEVITT, Chief Judge.

In this declaratory judgment action based on diversity jurisdiction submitted on cross motions for summary judgment, the issue is whether plaintiff's automobile insurance policy covering "use" of the insured truck contemplates liability to defendants for damages occasioned by its unauthorized movement by a six year old son of the insured under the stipulated facts. Briefs have been lodged.

The pertinent stipulated facts are that on August 29, 1970 an accident occurred involving a pickup truck owned by defendant George O'Brien and insured by plaintiff. On the day of the accident, Mrs. O'Brien had backed the truck to within five feet of the wall of her house. At that point, the ground slopes slightly toward the house. The emergency brake did not operate, so Mrs. O'Brien left the truck in reverse gear to prevent its rolling backward. With the truck's motor turned off and all of the children out of the truck, Mrs. O'Brien began unloading cans of water from the rear of the truck. She saw her six-year old son, Ronald, go past her and jump into the pickup truck on the driver's side and thinks she then "yelled at him to stay out of there." Ronald turned on the ignition and stepped down on the starter, causing the truck to surge backward, pinning Mrs. O'Brien between the truck and the wall. This caused serious injury to her leg, eventually necessitating its amputation. Civil damage actions pend in Beltrami County State District Court, and this declaratory judgment action

was instituted by plaintiff insurer to determine its responsibility to defend and respond in damages.

■ The insurance policy covers injury and damages "caused by accident arising out of the ownership, maintenance, or use, including loading or unloading, of the owned automobile. . . . ". Plaintiff contends that it is not liable because the injury did not arise out of the "use" of the vehicle. Defendants urge that Ronald was driving the truck and that this constitutes a "use" affording coverage under the policy.

The term "use" has been defined as the general catchall of an omnibus insurance clause, designed and construed to include all proper uses of the vehicle not falling within other terms of definition such as ownership and maintenance. State Farm Mut. Auto. Ins. Co. v. Pan American Ins. Co., 437 S.W.2d 542 (Tex.1969); 7 J. Appleman, Insurance Law and Practice § 4316(e) (1942). In Great Am. Indem. Co. of New York v. Saltzman, 213 F.2d 743 (8th Cir. 1954) the court said:

> Of course if the term "use" is construed to embrace all of its possible meanings and ramifications, practically every activity of mankind would amount to a "use" of something. However, the term must be considered with regard to the setting in which it is employed.

*Id.* at 747.

The two cases most nearly on point involve accidents which resulted when children entered automobiles and set them in motion. Both cases found that the automobile was not being "used" as contemplated in the applicable clause of the insurance contracts involved. In Assurance Co. of Am. v. Bell, 108 Ga.App. 766, 134 S.E.2d 540 (1963), the plaintiff's infant child released the emergency brake of an automobile, allowing it to roll downhill and sustain damage. This was found not to be a use of the automobile within the insurance contract's comparable provision. In Tucker v. State Farm Mut. Auto. Ins. Co., 154 So. 2d 226 (La.App.1963), a child, seven and one half years of age, disengaged the gears or released the emergency brake of an automobile. The child's mother was struck and fatally injured when she attempted to stop the automobile as it rolled down an incline. The court denied recovery, concluding that the vehicle was not being "used" by the child in the contemplated sense. Defendants have not cited any cases involving vehicles set in motion by young children which have reached a contrary result, and research by the Court has revealed none.

The two cases just discussed did not turn, as defendants' brief implies, upon the question of whether an infant can be legally capable of negligence under the law of the state involved. Rather, as stated by the court in *Tucker*, the conclusion was reached by finding that the automobile was not being "used" by the child. In amplifying its conclusion the court declared:

> We are confirmed in this conclusion by the conviction that neither the insurer nor the insured intended, by the policy in question, to contract with respect to liability resulting from the use of the vehicle by a seven or eight year old child.

Tucker v. State Farm Mut. Auto. Ins. Co., *supra* at 229.

It may be argued that the case at hand goes somewhat further than the two cases just mentioned in that here the child did more than merely release a brake or disengage gears. He performed the mechanical steps necessary to activate the truck's engine and, in effect, put the truck in motion. Although he stated in his deposition that he did not know how to shift gears or drive the truck, he apparently had some familiarity with how it operated. It is, in fact, quite possible that Ronald intended, by childish fantasy or otherwise, to "drive" the truck when the accident occurred. Still, under the circumstances, his ac-

tions cannot be described realistically as anything more than child's play. No reasonable purpose could have been accomplished by Ronald's "driving" the truck when his mother was engaged in unloading cans full of water from the rear of the truck.

 We reach the conclusion reached in *Tucker,* that "[t]o construe the occurrence of the tragic incident involved as being related to any reasonably contemplated use of the vehicle would be to extend the coverage beyond the bounds of reason." Tucker v. State Farm Mut. Auto. Ins. Co., *supra* at 229. As a general rule, an insurance policy's words of inclusion are to be broadly construed. Great Central Ins. Co. v. Marble, 369 F.2d 615 (8th Cir. 1966); Continental Cas. Co. v. Reed, 306 F.Supp. 1072 (D.Minn.1969). Still, it is unreasonable to conclude that the parties to this insurance contract intended to insure the truck's use as the plaything of a six year old child. Insurance contracts must be reasonably construed consonant with the apparent objective and intent of the parties. Baltimore Bank & Trust Co. v. United States Fidelity & Guar. Co., 436 F.2d 743 (8th Cir. 1971). The rule to construe terms of an insurance policy in favor of the insured does not justify the imposition of insurance risks not assumed. Roth v. Western Assurance Co., 308 F.2d 771 (8th Cir. 1962). On the facts here, Ronald was not "using" the insured vehicle as contemplated by the parties to the insurance policy.

Defendants make the additional argument that the actions which resulted in injury here must be covered by the insurance contract because the accident occurred during the unloading of the truck. This contention is without merit. Although Mrs. O'Brien was unloading the truck at the time she was injured, her injuries did not result from that unloading process. Her injuries resulted from Ronald's actions while playing in the cab of the truck. Ronald cannot be said to have been in any way engaged in a loading or unloading process. There is no causal link between the unloading operation and the accident. *See* Fireman's Fund Ins. Co. v. Canal Ins. Co., 411 F.2d 265 (5th Cir. 1969); Lumbermens Mut. Cas. Co. v. Employers' Liab. Assurance Corp., 252 F.2d 463 (1st Cir. 1958). Mrs. O'Brien's injuries did not result from the "loading or unloading" of the truck or from its "use" as those terms are used in the insurance contract.

These expressions shall constitute the Court's findings of fact and conclusions of law. Defendants' motion for summary judgment is denied, and plaintiff's motion for summary judgment is granted.